UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YITZCHOK RUBIN,                                          Civil Action No.:

                      Plaintiff,

     -against-

                                                          **COMPLAINT**

GC SERVICES LIMITED PARTNERSHIP,

                                            **DEMAND FOR JURY TRIAL**

                     Defendant.
-------------------------------------------------------------------X

       Plaintiff Yitzchok Rubin ("Plaintiff"), by and through his attorneys, Law Office of Alan J. Sasson, P.C., as and for his Complaint against the Defendant GC SERVICES LIMITED PARTNERSHIP, hereinafter referred to as "Defendant", respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf and for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.    Plaintiff is a resident of the State of New York, residing at 4901 14th Avenue, Apt. 4B, Brooklyn, NY 11219.

3.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.    Defendant is a foreign limited partnership engaging in the business of debt collecting, with its principal place of business located at 6330 Gulfton, Houston, Texas 77081.

5.    Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

8. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. The Defendant left a message on the Plaintiff's phone 718-413-9447 on several occasions in May of 2013, and specifically on May 21, 2013.

10. The Defendant violated 15 USC §1692 c(b) when the May 21 message, which revealed that the call was for the Plaintiff and was from a debt collector, was heard by the Plaintiff's babysitter Matty Berger, when it was played on speaker when being received.

11. In *Travis Banco v Credit Collection Services Inc.*, N. CIV S-10-1242 FCD/EFB USDC ED, California, the court found that Credit Collection Services's position that it cannot be liable because the message was solely intended for plaintiff and that plaintiff's mother should have refrained from listening when she heard the warning is wholly without merit." And further: "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly in favor of the inverse conclusion."

12. The *Travis* Court further cited *Berg v. Merchants Assoc. Collection Div., Inc.*, 586

F.Supp.2d 1336, 1338-39 (S.D. Fla. 2008), in which the defendant collection agency left a voice message strikingly similar to that left by defendant here, which Berg's father, step-mother and neighbor heard. As is the case here, "Defendant left messages at the plaintiff's home with a warning to the listener to disconnect if the listener was not the plaintiff, and that continuing to listen to the message indicates that the listener was plaintiff." Id. at 1343. The court held that merely giving the warning that the party listening should hang up if not the plaintiff, does not shield a debt collector from liability under Section 1692c(b) when a third party overhears the message. *Id*. Similarly here, for the same reasons, defendant's contention that the warning on the message shields it from liability is ineffectual.

13. The Court further cited: "The District court of Minnesota's recent holding in *Zortman v. J.C. Christensen & Associates*, Civ. No. 10-3086, 2011 WL 1630935 (D.Minn. 2001) is similarly instructive. In *Zortman*, defendant left messages on plaintiff debtor's voicemail, which plaintiff's children overheard. Id. at *1. The *Zortman* Defendant asserted, as does defendant in this case, that it was not liable under Section 1692c(b) for communicating with a third party because they did not "purposefully or deliberately make disclosures to a third party." Id. at *2. The court explained that reading an intent requirement into the statute would be "inconsistent with the ordinary meaning of `to communicate,'" and thus, held that the Section 1692c(b) does not require a deliberate act. Id. at *5. The court noted that the "FDCPA is a strict liability[5] statute, which conflicts with requiring deliberate or purposeful intent." *Id*. (Citing, *Picht v. Jon R. Hawks, Ltd.*, 236 F.2d 446, 451 (8th Cir. 2001)"

14. The Court further stated:" The fact that plaintiff was the intended recipient of the message and that the message instructed non-intended listeners to hang up does not absolve defendant of liability for communicating information about the plaintiff's debt to a third party.

Defendant is strictly liable under Section 1692c(b) for communicating with a third party — plaintiff's mother — without the debtor's consent, regardless of whether the communication was deliberate or intentional. *Zortman*, 2011 WL 1630935 at *5; see also Clayson v. Rubin & Rothman LLC, 751 F.Supp.2d 491 (W.D.N.Y. 2010) (holding that communicating twice with debtor's mother about the debt without the debtor's authorization violated section 1692c(b)."

15. The *Berg* Court further disregarded the defendant's reliance on staff commentary from the Federal Trade Commission ("FTC") — the agency charged with enforcing the act — which states that "[a] debt collector does not violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard." (Def.'s Opp'n at 8:10-14.) Defendant's reliance on the agency's commentary is misplaced. The *Berg* court, in analyzing the same commentary, stated that "[t]he example given here by the FTC suggests that the FDCPA is violated by debt collectors who leave message for consumers while aware that the message may be heard by others." *Berg*, 586 F.Supp.2d at 1342.

## FIRST CAUSE OF ACTION

### *(Violations of the FDCPA)*

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692c(b).

18. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

19. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 14, 2013

        Respectfully submitted,

        By: /s/ Alan J. Sasson_____
        Alan J. Sasson, Esq. (AS8452)
        LAW OFFICE OF ALAN J. SASSON, P.C.
        1669 East 12 Street, 2nd Floor
        Brooklyn, New York 11229
        Phone: (718) 339-0856
        Facsimile: (347) 244-7178

        Attorney for Plaintiff Yitzchok Rubin